**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARMJIT SINGH GREWAL, | No. 11-73331 |
| Petitioner, | Agency No. A076-378-504 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:     FISHER, GOULD, and BYBEE, Circuit Judges.

Karmjit Singh Grewal, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Grewal's untimely motion to reopen because it considered the record and acted within its discretion in determining that the evidence was insufficient to establish prima facie eligibility for the relief sought. *See Toufighi v. Mukasey*, 538 F.3d 988, 995-97 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief and discussing consequences of lack of credibility); *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011).

In light of our conclusion, we do not reach Grewal's contention regarding a lack of time limits for filing a motion to reopen to apply for relief under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1003.2(c)(2). We reject Grewal's contention that the agency did not adequately examine his evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

We lack jurisdiction to consider Grewal's challenge to the denial of cancellation of removal based on a claim of exceptional and extremely unusual hardship. *See id.* We also lack jurisdiction over Grewal's unexhausted challenge

to the agency's failure to consider his eligibility for CAT relief in the underlying

proceedings. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**